PCM/11083

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DANIEL C. EIDSMOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-05062 |
| | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| SHOUSE LAW GROUP, a Professional | ) | |
| Corporation; NEIL SHOUSE; LAS | ) | JURY DEMANDED |
| VEGAS DEFENSE GROUP, LLC., | ) | |
| MICHAEL L. BECKER; AND | ) | |
| COLORADO LEGAL DEFENSE | ) | |
| GROUP LLC. | ) | |
| Defendants. | ) | |

## **AMENDED COMPLAINT**

Daniel C. Eidsmoe, ("Plaintiff"), by and through his undersigned counsel, for his Complaint against Defendants, Shouse Law Group, P.C.; Neil Shouse; Las Vegas Defense Group, LLC; Michael L. Becker; and Colorado Legal Defense Group, LLC. ("Defendants") states and alleges as follows:

## **INTRODUCTION**

1. This action seeks to recover for copyright infringement. Plaintiff, Daniel C. Eidsmoe, is a photographer and owns the rights to photographs including one entitled "One Proud American Immigrant", hereinafter "The Photograph" Attached hereto as Exhibit "A".

2. Daniel C. Eidsmoe has obtained U.S. copyright registration number VA0002212030 for his photograph "One Proud American Immigrant". Exhibit "B"

3. Defendant, Shouse Law Group, P.C. is a law firm with offices in Illinois, California, Washington, Nevada, Colorado, Texas, Florida and New York.

4. Defendant, Neil Shouse, on information and belief, is a member of Shouse Law Group, P.C., Las Vegas Defense Group, LLC; and Colorado Legal Defense Group, LLC.

5. Defendant, Las Vegas Defense Group, LLC., is a law firm affiliated with the Shouse Law Group with offices in Las Vegas, and Nevada.

6. Defendant, Colorado Legal Defense Group, LLC., is a law firm affiliated with the Shouse Law Group with offices in Denver, Colorado.

7. Michael L. Becker is an attorney who is a member of the Shouse Law Group, Las Vegas Defense Group, LLC; and Colorado Legal Defense Group, LLC.

8. Defendants own and operate a website known as www.shouselaw.com (the "Website"). Attached hereto as Exhibit "C".

9. Defendants' website links to a YouTube Channel the Defendants own and operate called "Shouse Law Group Channel".

10. The Defendants' YouTube channel contains a video entitled "3 ways to get a green card without marriage" which states that it was created in September 28, 2017. As of September 10, 2020 the video has had 817,713 views. At the 1:02 to 1:05 portion of the video it contains the photograph "One Proud American Immigrant" Exhibit "D".

11. Defendants, without permission or authorization from Plaintiff, actively copied, stored, modified, and/or displayed Plaintiff's photograph, One Proud American Immigrant", on the Website and YouTube Channel without permission or authorization from Plaintiff and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

12. The Plaintiff, Daniel C. Eidsmoe, is a resident of the State of Illinois.

13. On information and belief, Defendant, The Shouse Law Group, P.C. is a California Law Firm with its principal place of business in Los Angeles County, California, which has numerous offices throughout the country including an office in Chicago, llinois, and is liable and responsible to Plaintiff based on facts herein alleged.

14. On information and belief, Defendant, Neil Shouse, is a resident of California, and is liable and responsible to Plaintiff based upon the facts herein alleged.

15. On information and belief, Las Vegas Defense Group, LLC, is a Nevada Corporation with its principal place of business in Las Vegas, Nevada.

16. On information and belief, Colorado Legal Defense Group, LLC, is a corporation with its principal place of business in Denver, Colorado.

17. On information and belief, Defendant, Michael L. Becker, is a resident of Nevada, and is liable and responsible to Plaintiff based upon the facts herein alleged.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this federal copyright infringement claim pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

19. This Court has personal jurisdiction over Defendants because Defendants direct substantial activities at the residents of Illinois by means of the Website and YouTube channel described herein and by maintaining an office in Chicago, Illinois. Further, as Defendants derive substantial revenue from services provided in Illinois, this Court also has personal jurisdiction over Defendants under the applicable long-arm jurisdictional statues of Illinois.

20. Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS

**21.** The Website/YouTube Channel is a popular and lucrative enterprise that purposefully displays Plaintiff's copyrighted Photograph.

**22.** The YouTube video which incorporates Plaintiff's copyrighted Photograph has been viewed 817,713 times as of September 10, 2020.

**23.** Without permission or authorization from Plaintiff, Defendants volitionally selected, copied, modified, stored and/or displayed Plaintiff's copyright protected Photograph on their YouTube channel.

**24.** The Photograph was copied, modified, stored and/or displayed without license or permission, thereby infringing on the Plaintiff's copyright (hereinafter collectively referred to as the "Infringement").

**25.** On information and belief, Defendants take an active and pervasive role in the content posted on their Website and YouTube Channel including, but not limited to copying, posting, selecting, and displaying Plaintiff's Photograph.

**26.** By means of a telephone call, and a correspondence and e-mail dated July 15, 2020, counsel for Plaintiff advised Defendants that their use of the Photograph was unauthorized and an infringement of Plaintiff's copyright rights. Exhibit "E".

**27.** The correspondence advised Defendants to cease and desist use of the Photograph by July 30, 2020 if the Defendants did not wish to purchase a license to use the Photograph.

**28.** Despite said notice to Defendants, Defendants have continued their unauthorized use of the Photograph.

29. Defendants' continued infringement of Plaintiff's copyright is knowingly and willfully in violation of applicable United States Copyright Laws.

30. On information and belief, Defendants have received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Website and YouTube channel have increased traffic and Defendants, in turn, realized an increase in their revenues.

31. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

32. Plaintiff has not licensed Defendants the right to use the Photograph in any manner, nor has Plaintiff assigned any of his exclusive rights in the copyright to Defendants.

## FIRST COUNT

## DIRECT COPYRIGHT INFRINGMENT, 17 U.S.C. § 501, et seq.

33. Without permission or authorization from Plaintiff and in violation of his rights under 17 U.S.C. § 106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed the work copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in his copyright.

34. Defendants' use of the Photograph on its Website and YouTube channel constitutes copyright infringement.

35. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damage against Defendants pursuant to 17 U.S.C. §504(c) of up to $30,000 per infringement in an amount to be determined at trial, plus attorney fees.

## SECOND COUNT

## VICARIOUS COPYRIGHT INFRINGMENT

36. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though fully set forth herein.

37. At all times material hereto, Defendants had the legal right and practicable ability to supervise, control, limit, and stop the infringing conduct of its employees, agents and members, and yet, Defendants declined to exercise such right and ability in the instant case.

38. As a direct and proximate result of Defendants' refusal to exercise its rights to stop or limit the infringing conduct, Defendants' members have continued to infringe upon Plaintiff's Photograph, which, in turn, generates profits for Defendants directly from the use of the Infringements.

39. Accordingly, Defendants are liable as vicarious infringers since they profited from the direct infringement while declining to exercise their rights to stop or limit the infringement.

40. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against the Defendants pursuant to 17 U.S.C. § 504 (c) of up to $30,000 per infringement in an amount determined at trial.

## THIRD COUNT

## WILLFUL DIRECT COPYRIGHT INFRINGMENT

41. Without permission or authorization from Plaintiff and in willful violation of his rights under 17 U.S.C. § 106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed the work copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in his copyright.

42. Defendants' use of the Photograph on its Website and YouTube channel constitutes copyright infringement.

43. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damage against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be determined at trial, plus attorney fees.

## FOURTH COUNT

## WILLFUL VICARIOUS COPYRIGHT INFRINGMENT

44. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though fully set forth herein.

45. At all times material hereto, Defendants had the legal right and practicable ability to supervise, control, limit, and stop the infringing conduct of its employees, agents and members, and yet, Defendants declined to exercise such right and ability in the instant case.

46. As a direct and proximate result of Defendants' refusal to exercise its rights to stop or limit the infringing conduct, Defendants' members have continued to infringe upon Plaintiff's Photograph, which, in turn, generates profits for Defendants directly from the use of the Infringements.

47. Accordingly, Defendants are liable as vicarious infringers since they profited from the direct infringement while declining to exercise their rights to stop or limit the infringement.

48. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against the Defendants pursuant to 17 U.S.C. § 504 (c) of up to $150,000 per infringement in an amount determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enter a judgment finding that Defendants have infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. Statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement, or, if greater, Plaintiff's actual damages and the disgorgement of Defendants' wrongful profits in an amount to be determined at trial; and

b. A permanent injunction against Defendants pursuant to 17 U.S.C. §502; and

c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

d. Plaintiff's costs; together with

e. Such other relief that the Court determines is just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable**

Respectfully submitted,

BY: *s/ Peter C. Morse*
Attorney for Daniel C. Eidsmoe

Peter C. Morse
**Morse Bolduc & Nardulli, LLC**
25 E. Washington Street, Suite 750
Chicago, Illinois 60602
312-251-5587 (direct)
312-376-3896 (fax)
pmorse@morseandbolduc.com